William Rubin v. Commissioner.
Rubin v. Commissioner
Docket No. 92615.
United States Tax Court
T.C. Memo 1963-319; 1963 Tax Ct. Memo LEXIS 27; 22 T.C.M. (CCH) 1677; T.C.M. (RIA) 63319; December 3, 1963
*27 Amount of tips received by petitioner determined. William Rubin, pro se, 253 W. 73rd St., New York, N. Y., Frederic S. Kramer, for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: This case involves the redetermination of deficiencies in income tax and additions to the tax asserted against the petitioner as follows: Income
Sec. 6653(a).
Tax. Defi-
I.R.C. 1954
Year
ciencies
Additions to Tax
1957
$754.62
$37.73
1958
552.00
27.60
1959
913.17
45.66
The questions for decision are whether petitioner, a waiter, received taxable income in the form of gratuities which he failed to report on his income tax returns for the taxable years 1957, 1958, and 1959 and whether he is liable for the additions to tax for those years in accordance with section 6653(a) of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated and are so found herein. The petitioner, William Rubin, is an individual presently residing at 253 West 73d Street, New York, New York. He filed timely income tax returns for the taxable years 1957, 1958, and *28 1959 with the district director of internal revenue, Jacksonville district, Jacksonville, Florida. During the years 1957, 1958, and 1959 petitioner was employed as a waiter at a restaurant known as the Embers, Inc., in Miami Beach, Florida. While so employed he worked only during the dinner hour in the dining room and he never worked at the bar. The active season was a period of about six weeks in February and a part of March. During the year 1957 petitioner was also employed for a period of time at a restaurant known as the Tavern on the Green, in New York, New York. In addition to his salaries from the Embers and the Tavern on the Green, petitioner earned income during the years involved in the form of gratuities or tips from customers at the Embers and the Tavern on the Green. He kept no books or other written records reflecting his income from those gratuities. During the year 1957 petitioner worked a total of 240 days at the Embers. During the year 1958 he worked a total of 229 days at the same place, and during the year 1959 he worked a total of 294 days at the Embers. Petitioner reported on his income tax return a salary of $939.20 and tips of $310 for the calendar year *29 1957; in 1958 he reported on his income tax return a salary of $843.50 and tips of $400; and in 1959 he reported a salary of $1,072 and tips of $500. The Commissioner determined that petitioner received tips for the years 1957, 1958, and 1959 in the following amounts, respectively: $4,247,20, $3,331.08, and $4,859.82. Petitioner averaged tips as a waiter during the years involved at the rate of $7 per day. During the year 1957 he received tips in the amount of $1,680; during the year 1958 he received tips in the amount of $1,603; and in 1959 he received tips in the amount of $2,058. Opinion The petitioner was a waiter during the years involved and, in addition to a small salary, he received income in the form of gratuities for his services. During all the years before us, petitioner worked in a restaurant in Miami Beach, Florida, and usually served only during the dinner hour. He kept no record of the tips received and admitted that he in fact received tips in a larger amount than he reported on his returns. The burden of proof is on petitioner and the respondent's determination comes to us as presumptively correct. Like many cases of this character where no records have *30 been kept, the respondent in his determination can do little more than make a rough estimate of the amounts petitioner received as tips. Petitioner stated on the witness stand that he would estimate the amount of tips received as being in the amounts of $5 per day, which is very much more than he originally reported on his returns. After very carefully studying the entire record, which is most unsatisfactory, we have reached the conclusion that the tips received by petitioner would average $7 per day and we have so found in our findings of fact. Since petitioner's liability for additions to tax for the years 1957, 1958, and 1959, as provided by section 6533(a), I.R.C. of 1954, has not been disputed, the respondent's determination will be sustained but the amounts will be computed in accordance with the deficiencies as may be determined in this opinion. Decision will be entered under Rule 50.